UNITED STATES of America

v.

Richard FLUKER, Jr.

Crim. A. No. 88–356.

United States District Court,
E.D. Louisiana.

June 19, 1989.

Steven J. Irwin, Asst. U.S. Atty., New Orleans, La., for plaintiff.

Virginia L. Schlueter, Deputy Federal Public Defender, New Orleans, La., for defendant.

## ORDER AND REASONS

MENTZ, District Judge.

On May 27, 1987, defendant, Richard Fluker, Jr., filed a letter requesting a correction of sentence. Pursuant to the court's directive, the Office of the U.S. Attorney filed a response and objection to Mr. Fluker's letter and the matter was taken under submission.

Mr. Fluker plead guilty to Count 1 of a two-count indictment for conspiracy to possess embezzled or stolen goods or chattels from interstate shipments by carrier, in violation of Title 18 United States Code, Section 371. Count 1 carried a maximum penalty of five years imprisonment and a fine of $10,000. The Court sentenced Mr. Fluker on October 19, 1988, to imprisonment for a term of eighteen months, to be followed by a period of eighteen months supervised release.

■ Like the Government, the Court interprets Mr. Fluker's letter to be a request pursuant to Federal Rule of Criminal Procedure 35. Rule 35 was amended by the Comprehensive Crime Control Act of 1984, effective November 1, 1987. Since Mr. Fluker was sentenced after November 1, 1987, the United States Sentencing guidelines of 1984 apply to this case.

■ Under the new Rule 35, the court's general authority to reduce a sentence has been eliminated. Rule 35(a) allows a correction of a sentence only upon remand to the district court from an appellate court upon a finding that the sentence was imposed "in violation of law" or "as a result of an incorrect application of the sentencing guidelines," or is "unreasonable." Under Rule 35(b), the court may lower a sentence, upon motion of the government, where subsequent to sentencing a defendant has provided "substantial assistance in the investigation or prosecution of another person who has committed an offense." Fed.R.Crim.P. 35.

The case at bar was not remanded for correction of sentence and the government has not moved for reduction of sentence due to cooperation on the part of Mr. Fluker. Therefore, the Court has no authority to alter Mr. Fluker's sentence.

Accordingly,

IT IS ORDERED that defendant's request for correction of sentence is DENIED.